different from that which the creditors of a domestic corporation may prosecute against a domestic stockholder. It is quite well established that in a case like this an action at law by a single creditor against a single stockholder for the recovery of a specified sum of money cannot be maintained in our courts under the statutes declaring the liability of stockholders. In such cases the liability must be enforced in equity, in a suit brought by or in behalf of all the creditors against all the stockholders, wherein the amount of liability and all the equities can be ascertained and adjusted. * * * The liability of the stockholders is a fund to which all the creditors are entitled to resort after the corporate property has been applied upon the debt."

And the court of appeals, when the present case was last before it, approved the principle announced in the Marshall Case, supra, and the rule there laid down governing the liability of stockholders. Judge Haight, in delivering the opinion of the court, said that:

"It was evidently not intended by the provisions of this statute that one creditor should be preferred and paid, to the detriment of other creditors, but that the stockholders should be responsible, equally and ratably, for all the debts of the corporation, to the extent of their capital stock, at par value. In other words, they were to contribute equally and ratably for the payment of the whole indebtedness."

When the motion of the petitioners was made which resulted in the order appealed from, 17 of the stockholders of the Madison Square Bank, as we have already seen, were not, and could not be made, parties to this action. The complaint had been dismissed as to them, but their liability to contribute had not been extinguished. Had the motion, therefore, been granted, it would not have benefited the petitioners, because they could not have maintained the action against the other defendants.

It follows that the order was right, and must be affirmed, with $10 costs and disbursements. All concur.

---

(26 Misc. Rep. 552.)

### PHILLIP v. VON RAVEN et al.

(Supreme Court, Special Term, New York County. March, 1899.)

1. PARTNERSHIP—DISSOLUTION.

     A partnership may be dissolved by the court, though the term thereof has not expired, where there are apparently irreconcilable differences and personal ill will between the partners rendering co-operation in the business impossible.

2. SAME—RECEIVER.

     Pending action for dissolution of a partnership, injunction restraining defendants from carrying on the business or interfering with the property will not be granted, nor will a receiver be appointed, defendants being responsible, and the business being a theatrical one, and the firm having a lease of a theater and a stock company, the actors of which are employed for the season; but the business may be conducted by defendants giving a bond, as provided by Code Civ. Proc. § 1947.

Action by Adolf Phillip against Leo Von Raven and others for dissolution of partnership. Plaintiff moves for injunction and the appointment of a receiver pending the action. Denied.

Rudolph Marks, for plaintiff.

Glover, Sweezy & Glover, for defendants.

BEEKMAN, J. I do not think that the proofs, taken as a whole, sustain the plaintiff's contention that his co-partners, the defend-

ants, have been guilty of any violation of duty towards him, especially if we accept the version of the co-partnership agreement which they have testified to and which I am disposed to credit. But as it is plain that there are apparently irreconcilable differences and personal ill will between the partners, rendering any cooperation in the business apparently impossible, a condition exists which is usually deemed sufficient to lead the court to pronounce a dissolution, even though the term of the co-partnership has not expired. When, however, the plaintiff, at the very threshold of the litigation, applies for an injunction restraining his co-partners from carrying on the business or in any way interfering with its property, and also for the appointment of a receiver, the court will exercise its discretion in the matter; and, where it appears that the injury to the parties which would result from granting these drastic provisional remedies will be far greater than any advantage they would serve, they certainly should not be allowed. I think that such is the case here.

The partnership is a theatrical one, and is maintaining a stock company of some 25 or 30 actors, under contracts of employment until May 1, 1899. The assets consist of some money in bank, scenery, and other equipments of the stage, and an interest in the lease of the Germania Theater, which is subject to the payment of a rental of $12,000 a year. It will thus be seen that the ability of the partnership to meet its accruing obligations, as well as the value of its property, depends very largely upon the continuance of its business. Should the injunction issue and a receiver be appointed, I am quite satisfied that there would be little, if anything, to be distributed among the partners after the claims against the business had been satisfied. Indeed, the probabilities are that the debts would considerably exceed the value of the assets; for, while the fixed charges against the firm would continue, the source of reimbursement, namely, the ability to use the company and the theater to earn money to meet such charges, would be gone.

No question is raised as to the solvency of the firm, and the rights or interests of creditors are not involved. It also appears that the defendants are men of ample responsibility. The plaintiff certainly makes no question of it, so that there is no reason for the appointment of a receiver to preserve the property on the ground of pecuniary irresponsibility. Being satisfied that it would be disastrous to the defendants, as well as to the plaintiff himself, to grant the relief which the latter seeks on this motion, the question then arises, is there any method by which the business of the copartnership may be continued during the pendency of this action, subject to the supervision of the court, which would be free from the disadvantages to which attention has been called? I think that there is, under section 1947 of the Code of Civil Procedure, which provides that:

"In an action brought to dissolve a partnership, or for an accounting between partners, or affecting the continued prosecution of the business, the court may, in its discretion, by order, authorize the partnership business to be

continued, during the pendency of the action by one or more of the partners, upon their executing and filing with the clerk an undertaking, in such a sum and with such sureties as the order prescribes, to the effect that they will obey all orders of the court, in the action, and perform all things which the judgment therein requires them to perform."

The power thus conferred upon the court finds a most appropriate occasion for its exercise in this case, which plainly falls within the class of cases which the legislature had in mind in enacting the section. The plaintiff would thus be afforded all of the protection he may need without the defendants being subjected to any serious injury, as, in addition to the security which the undertaking to be given affords, he is in a position at any time, by motion, to appeal to the court, to prevent any improper conduct on the part of the managing partners designated by the order.

While refusing, as I do, to grant the injunction asked for, or to appoint a receiver, I have the power, which I propose to exercise, under the alternative provision for other relief contained in the order to show cause, on which this motion is made, to make an order under this section of the Code. The plaintiff may therefore take an order authorizing the co-partnership business to be continued during the pendency of the action by the defendants on the conditions prescribed in the section. I will hear counsel with respect to the amount of the undertaking on the settlement of the order.

Ordered accordingly.